# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JEFF GOODWIN<br><br>      Plaintiff,<br><br>vs.<br><br>CHARLES PALMER, JASON SMITH, BRAD WITTROCK, AND BOB STOUT<br><br>      Defendants. | No. 13-CV-4113-DEO<br><br>INITIAL REVIEW ORDER |

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Jeff Goodwin's [hereinafter Mr. Goodwin] Motion for Leave to Proceed in Forma Pauperis, Motion for Appointment of Counsel, and 42 U.S.C. Section 1983 Complaint. Mr. Goodwin is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited December 18, 2013.

a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited December 18, 2013.

prisoners as defined under 28 U.S.C. § 1915; <u>Youngberg v. Romeo</u>, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and <u>Michau v. Charleston County, S.C.</u>, 434 F.3d 725 (4th Cir. 2006), *cert. denied* <u>Michau v. Charleston County, S.C.</u>, 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also <u>Kansas v. Hendricks</u>, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme).[3] Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner].[4] See ... <u>Page v. Torrey</u>, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

<u>Id.</u> at 727-28. (Some internal citations omitted.)

---

[3] SVPA stands for Sexually Violent Predator Act.
[4] PLRA stands for Prison Litigation Reform Act.

3

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[5] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Mr. Goodwin's application, Docket No. 1, substantially meets the above requirements. Mr. Goodwin's Motion to Proceed in Forma Pauperis is **granted**. **The Clerk of Court shall file and serve Mr. Goodwin's Complaint according to the attached service forms. No filing fee will be assessed.**

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief

---

[5] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint

5

does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE**

Mr. Goodwin argues that he has been denied his right to practice his religion through the denial of access to his minister. Docket No. 1, Att. 1, p. 4. Specifically, Mr. Goodwin alleges that he is being denied access to his minister

until and unless he complies with medical conditions imposed by the Defendants.  Id.

**V. ANALYSIS**

Mr. Goodwin is alleging a violation of his civil rights under 42 U.S.C. § 1983.  Mr. Goodwin argues that the Defendants, the administrators at CCUSO, have violated his rights while acting under the color of government authority.  As stated above, he specifically alleges he has been denied his right to free exercise of religion.

In Youngberg v. Romeo, 457 U.S. 307 (1982), the Supreme Court of the United States held that the Fourteenth Amendment of the United States Constitution determines the rights of individuals who have been involuntary committed to a facility.  Id. at 312.  Although residents at state institutions do have constitutionally protected interests, these rights must be balanced against the reasons put forth by the State for restricting their liberties.  Id. at 321.  Inmates clearly retain their First Amendment right to free exercise of religion in prison, O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  It is obvious, then, that civil detainees also retain their First Amendment Rights.

In Turner v. Safley, 482 U.S. 78 (1987), the Court found that a prison regulation infringing on an inmate's constitutional rights is valid so long as it is reasonably related to a legitimate penological interest. Id. at 89. The Court also recognized that deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. Id.

Although the Eighth Circuit has not addressed the issue, Courts have applied Turner in analyzing constitutional claims by civilly committed sexually violent predators. See Thompson v. Vilsack, 328 F. Supp. 2d 974 (S.D. Iowa 2004)(Judge Pratt applied Turner to a claim that co-payment for Kosher meals violated civilly committed sexual predator's First Amendment rights); see also Rivera v. Rogers, 2006 WL 1455789 (D. N.J. 2006)(applying Turner in analyzing claims of SVPs that opening of their packages violated their First Amendment rights); Willis v. Smith, 2005 WL 550528 (N.D. Iowa 2005)(Magistrate Zoss) (noting that status of SVPs was substantially similar to that of prisoners and applying Turner to SVP claims concerning mail handling procedures); Gilmore v. Kansas, 2004 WL 2203458 (D. Kan. Sept. 27, 2004) (noting Turner standard in regard to

8

claims of denial of razors, lighters, electricity, use of a washer and dryer, and freedom to move about the facility); see also Hydrick v. Hunter, 449 F.3d 978 (9th Cir. 2006)(stating that "[a]s is the case with prisoners, civilly committed persons certainly retain those First Amendment rights not inherently inconsistent with the circumstances of their detention.").

Accordingly, this Court should analyze a civil detainee's free exercise complaint under the Turner framework. "A discussion of constitutional violations in a prison setting requires a two-step analysis. First, [the court] must determine whether the liberty interest asserted by an inmate is an interest protected by the Constitution. If [the court] find[s] a protected liberty interest exists, [the court] must balance this interest against a State's interest in prison safety and security." Goff v. Harper, 235 F.3d 410, 413-14 (8th Cir. 2000), judgment reinstated, 96-1018, 2002 WL 34541628 (8th Cir. Jan. 15, 2002). "Under Turner, a prison regulation that impinges on inmates' constitutional rights ... is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89.

"*Turner* employs a four-factor test to resolve this inquiry: (1) whether there is a rational relationship between the regulation and the legitimate government interest advanced; (2) whether the inmates have available alternative means of exercising the right; (3) the impact of the accommodation on prison staff, other inmates, and the allocation of prison resources generally; and (4) whether there are ready alternatives to the regulation. *Freeman v. Texas Dept. of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (internal citations omitted).

It is beyond dispute that the right to free exercise of religion is protected by the constitution and that protection extends to civilly committed sexually violent predators at CCUSO. Accordingly, the Court should examine Mr. Goodwin's claim in light of the four factors articulated in the *Turner* case discussed above.

Mr. Goodwin's Complaint states he has been denied access to a minister/pastor. Additionally, he alleges that the Defendants have either stated or implied he will not be given

access to a minister until he signs a DHS authorization form.[6] The first Turner factor asks whether there is a rational relationship between the government's action and the reason for custody. Mr. Goodwin is committed as a sexually violent predator under I.C.A. § 229. To be committed to CCUSO, it must be determined that a patient has a serious mental impairment. I.C.A. § 229.6. A person with a serious mental impairment is defined as a person with mental illness and because of that illness lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment, and who because of that illness... [i]s likely to physically injure the person's self or others if allowed to remain at liberty without treatment... I.C.A. § 229.1.

Because Mr. Goodwin has been deemed to be a person that is likely to either harm themselves or others, CCUSO has a right, and a responsibility, to make determinations about where he can go, what he can have access to, and people he is allowed to see. That responsibility could theoretically

---

[6] This issue is not fully explained in Mr. Goodwin's pro se Complaint.

extend to some aspects of religious expression and practice, including access to a minister.  However, it is unclear on the face of Mr. Goodwin's pleading that CCUSO's decisions in this matter are arbitrary or based on legitimate interests.  Moreover, it seems unlikely that there would be a rational relationship between the Defendants' actions and Mr. Goodwin's reason for custody if the Defendants truly are using access to minister as a means to coerce Mr. Goodwin into signing a form.

The second factor asks whether there is an alternate means of exercising the religion.  The third factor asks about the impact of the accommodation on the custodial facility, and the fourth asks about alternative regulations.

At this early stage of the case, the Court cannot say with certainty that CCUSO is appropriately applying the <u>Turner</u> factors in determining Mr. Goodwin's access to a minister.  Accordingly, Mr. Goodwin's Complaint cannot be dismissed at the initial review phase.

## VI.  APPOINTMENT OF COUNSEL

28 U.S.C. §1915(e)(1) provides that appointment of counsel for a person unable to afford counsel is within this Court's discretion.  Given Mr. Goodwin's current financial

situation and the nature of his claim, his Motion for Appointment of Counsel, Docket No. 2, is **granted**. The Court hereby appoints attorney Hannah Vellinga under Library Fund Administrative Order No. 13-AO-0009. After consulting with Mr. Goodwin regarding the nature of the alleged religious infringement, **appointed counsel will file an Amended Complaint specifically setting out Mr. Goodwin's claims within 45 days**.

## VII. CONCLUSION

For the reason set out above, Mr. Goodwin's application to proceed in forma pauperis is **granted**. Mr. Goodwin's 42 U.S.C. § 1983 Complaint is allowed to proceed as described above. Mr. Goodwin's application for the appointment of counsel is **granted** as set out above.

**IT IS SO ORDERED** this 31st day of December, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

## NOTICE OF LAWSUIT
## and REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **JEFF GOODWIN**, | |
| Plaintiff, | No. 13-CV-4113-DEO |
| v. | |
| **CHARLES PALMER, et al.**, | |
| Defendants. | |

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

     Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: __12/31/13__.

     I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this __December 31__, 2013.

                                                           /s/ djs, Deputy Clerk
                                                  Signature (Clerk's Office Official)
                                                        Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF
# NOTICE OF LAWSUIT,
# and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after \_\_\_\_12/31/13\_\_\_\_, to the United States Clerk's Office in the envelope provided.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **JEFF GOODWIN,** | |
| Plaintiff, | No. 13-CV-4113-DEO |
| v. | |
| **CHARLES PALMER, et al.,** | |
| Defendants. | |

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after \_\_\_\_12/31/13\_\_\_\_, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later).

Date _____  Signature _____
                            Printed name _____
                            As _____ of _____
                                       (Title)         (Entity)

## Address Form

Case Number: 13-CV-4113-DEO          Date: __12/31/13_____

To:   Clerk of Court
RE:   Service on Named Defendants

     Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:   **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**